Case 2:97-cv-00231-AJW  Document 478  Filed 10/04/04  Page 1 of 7  Page ID #:186

Priority Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S DISTRICT COURT
OCT - 4 2004
CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

DOCKETED ON CM
OCT - 4 2004
BY         058

SCANNED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| 3D SYSTEMS, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AAROFLEX, INC., a West Virginia corporation,<br><br>        Defendant. | No. CV 97-00231 AJW<br><br>MEMORANDUM AND ORDER REGARDING MOTION OF PLAINTIFF 3D SYSTEMS, INC. TO DISMISS |

    Plaintiff 3D Systems, Inc. filed a motion for dismissal of this action without prejudice. See Fed. R. Civ. P. 41(a)(2). Plaintiff offers the following rationale for its motion:

> 3D's management decided that the likely recovery in this case did not justify the cost of taking this case through trial, in light of the fact that (i) 3D had previously waived its claim for damages in order to simplify and expedite trial of the case, and (ii) any recovery of costs and attorneys' fees against Aaroflex would likely be worthless in light of the fact that Aaroflex is insolvent. In addition, Aaroflex's failure to establish a presence in the stereolithography industry, as well as 3D's decision to expense rather than capitalize its litigation expenses, which reduced the importance of taking the case through trial to a judgment on the merits, have largely eliminated the business rationale for

#478

continuation of the suit. [Plaintiff's Memorandum at 3 (citations omitted)]. Defendant Aaroflex, Inc. filed a response to the motion contending that it should be denied, and alternatively contending that if plaintiff's motion is granted, dismissal should be conditioned upon an award of $800,000 in costs and attorneys' fees to defendant. Plaintiff filed a reply.

Subject to the approval of the court, a plaintiff may voluntarily dismiss a case at any time. See Fed. R. Civ. P. 41(a)(2); Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). The principal purpose of requiring court approval is to enable the court "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir.), cert. denied, 368 U.S. 831 (1961). The determination whether dismissal should be allowed, whether dismissal should be with or without prejudice, and what terms and conditions should be imposed on dismissal are to be determined by the court in its discretion. See, e.g., Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Plaintiff's rationale for dismissal is persuasive. One can easily imagine why plaintiff may not wish to incur additional costs and attorneys' fees in litigating this case because it appears that any relief it might obtain against defendant, such as an injunction or an award of costs or attorneys' fees,[1] would be of little or no practical value. Therefore, dismissal makes sense. Moreover, nothing suggests that plaintiff is seeking dismissal in bad faith, in an attempt to obtain a tactical advantage, or to evade rulings unfavorable to it. Although this case is at an advanced stage, the economic realities of the situation make plaintiff's choice not to invest more resources in this case a reasonable one.

"A district court should grant a motion for voluntary dismissal . . . unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263

---

[1] Plaintiff previously waived its damages claim.

2

1  F.3d 972, 975 (9th Cir. 2001); see Westlands Water Dist., 100 F.3d at 96; Hamilton, 679
2  F.2d at 145. Defendant has not shown that it would be unfairly prejudiced by the dismissal.
3  In particular, "the threat of future litigation which causes uncertainty, because the dispute
4  remains unresolved, is insufficient to establish plain legal prejudice." Westlands Water Dist.,
5  100 F.3d at 96. Similarly, the fact that defendant already has incurred substantial attorneys'
6  fees or expenses preparing for trial is not "plain legal prejudice." See In re Lowenschuss, 67
7  F.3d 3094, 1400-1401 (9th Cir. 1995). Accordingly, plaintiff's motion for voluntary
8  dismissal without prejudice should be granted.

9  Courts have discretion to condition granting a motion for voluntary dismissal without
10 prejudice on the plaintiff's payment of the defendant's costs and attorneys' fees, but
11 imposition of a condition requiring payment of costs and fees is not mandatory. Westlands
12 Water Dist., 100 F.3d at 97; Stevedoring Servs. of America v. Armilla Intern'l, B.V., 889
13 F.2d 919, 921 (9th Cir. 1989) (noting that several circuit courts have held that payment of
14 costs and attorneys' fees is not a prerequisite to granting a motion for voluntary dismissal
15 without prejudice, and holding that the district court did not abuse its discretion in declining
16 to require such payment). The court concludes that dismissal should not be conditioned on
17 plaintiff's reimbursement of defendant's costs and attorneys' fees for at least two reasons.

18 First, although plaintiff's claims and defendant's defenses thereto have not been
19 adjudicated on the merits, plaintiff certainly had a "realistic chance of prevailing."
20 Stevedoring Servs., 889 F.2d at 921 (holding that the district court did not abuse its
21 discretion in refusing to require payment of costs and attorneys' fees as a condition precedent
22 to granting a motion for voluntary dismissal because the court's decision was based on
23 "legitimate factors, " including its conclusion that the plaintiff "had a realistic chance of
24 prevailing"). Indeed, it is likely that defendant will be better off with the consequences of
25 dismissal without prejudice than it would be if this case were to proceed to trial. Among
26 other things, defendant would have no realistic hope of recovering attorneys' fees if this case
27 were to proceed to trial. See 35 U.S.C. § 285; Forest Labs, Inc. v. Abbott Labs., 339 F.3d
28

1324, 1329 (Fed. Cir. 2003), cert. denied, –U.S.–, 124 S.Ct. 1076 (2004). Any suggestion that plaintiff litigated this action indiligently or in bad faith is refuted by the record.

Second, due to other conditions that properly may be imposed should plaintiff elect to pursue its claims against defendant in the future, the parties and the court can complete trial preparation and trial with little or no duplicative effort or expense. Neither defendant nor the court would be forced to "reinvent the wheel" because virtually all of the work that went into preparing this case for trial could be used if this case is reopened or if a new case is filed in another court. The purpose of awarding attorneys' fees in the context of voluntary dismissal without prejudice is to compensate defendant for work that could not be used in later litigation of the same claim. See Westlands Water Dist., 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims."); Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993) (holding that the trial court may not condition a voluntary dismissal on the payment of attorneys' fees and costs for work "that might be useful in the continuing litigation between the parties," but that the district court properly may require payment of fees and costs for work "rendered useless" by a voluntary dismissal). No award of attorneys' fees is either necessary or appropriate to achieve that purpose in the circumstances of this case.

Contrary to plaintiff's contention, however, imposition of some conditions is warranted. Conditions relating to refiling this case and the effectiveness in any refiled case of rulings and binding actions taken in this case are within the court's "broad discretion" to regulate voluntary dismissals under Rule 41(a)(2). Duffy v. Ford Motor Co., 218 F.3d 623, 633 (6th Cir. 2000). Courts may impose terms and conditions respecting the refiling of a subsequent action on the same claim. See, e.g., Cauley v. Wilson, 754 F.2d 769, 771 (7th Cir. 1985) (suggesting that a condition that the suit be refiled in a specified state or federal court would not amount to legal prejudice to the plaintiff so as to permit appeal of conditional dismissal); Bowers v. St. Louis Southwestern Ry. Co., 668 F.2d 369, 369-370

(8th Cir. 1981) (dismissing appeal of voluntary dismissal order because condition that the suit, if refiled, be commenced in either the state or federal courts of Arkansas did not "severely circumscribe" the plaintiff's ability to reinitiate the suit and thus did not amount to legal prejudice), cert. denied, 456 U.S. 946 (1982); RMD Concessions, L.L.C. v. Westfield Corp., 194 F.R.D. 241, 243 (E. D. Va. 2000) (granting voluntary dismissal on condition that the case be refiled, if at all, in a Virginia state or federal court because defendants had prevailed on motion to transfer case to the Eastern District of Virginia and were entitled to the benefit of the "essence of" that order); but cf. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 602-604 (5th Cir. 1976)(holding that a voluntary dismissal conditioned on the plaintiff's refiling action in the same court, and then only if the plaintiff showed existence of a "valid cause of action" and demonstrated "extraordinary circumstances to justify reopening the case," constituted legal prejudice because those conditions "severely circumscribed" the plaintiff's "freedom to bring a later suit").

In addition, courts may condition voluntary dismissal on the effectiveness or enforceability in a reopened or refiled case of orders or rulings made in the dismissed case. See, e.g., Duffy, 218 F.3d at 633 (stating that "under appropriate circumstances," such as where necessary to protect the defendant's "legitimate interests," the district court properly could impose the rulings–the "law of the case"– from the voluntarily dismissed action on the refiled action); Parker v. Freightliner Corp., 940 F.2d 1019, 1023-1024 (7th Cir. 1991) (holding that voluntary dismissal under Rule 41(a)(2) granted on the condition that the court's order barring the plaintiff's use of expert testimony would remain in effect in any subsequent action did not amount to legal prejudice); In re Piper Aircraft Distribution System Antitrust Litig., 551 F.2d 213, 221 (8th Cir. 1977)(authorizing imposing as a condition of voluntary dismissal that a particular determinations made by the court either survived dismissal or would be binding if the issue is raised in subsequent proceeding); RMD Concessions, L.L.C.,194 F.R.D. at 243 ("[P]laintiffs may not use Rule 41(a)(2) to avoid or

1 undo the effect of an unfavorable order or ruling.").[2]

2 Finally, courts also may impose conditions regarding the conduct of discovery or the use of discovery materials or evidence in any refiled action. See, e.g., Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1276 (5th Cir. 1990) (noting with approval the district court's decision to condition a voluntary dismissal on the plaintiffs' agreement not to oppose the use of existing discovery in a subsequent suit); Jenkins v. Unified School Dist. No. 501, 175 F.R.D. 582, 584 (D. Kan. 1997) (conditioning voluntary dismissal without prejudice on the plaintiff's consent to the use in any refiled action of discovery materials obtained in the dismissed case); Bready v. Giest, 85 F.R.D. 36, 38 (E. D. Pa. 1979)(imposing condition that discovery materials already assembled could be used in any subsequent proceeding between the parties).

Considering all the circumstances, in the interests of fairness to defendant and judicial economy, the court attaches the following conditions to the dismissal of this case without prejudice: (1) if plaintiff elects to pursue claims for infringement by defendant of the patents in suit in the future based in whole or in part upon conduct of defendant that occurred before this order is filed, then plaintiff must first either (a) file a motion seeking permission

---

[2] In City of South Pasadena v. Mineta, 284 F.3d 1154, 1158 (9th Cir. 2002), the Ninth Circuit held that "any new lawsuit based on the same claim is an entirely new lawsuit unrelated to the previously dismissed action, and that Rule 41(a) disallows the 'carry over' of any waivers from a voluntary dismissed action to the later incarnation." That case is distinguishable, however, because it involved a voluntary dismissal under Rule 41(a)(1)(ii) that was not conditional. In dicta, the Ninth Circuit said that its reasoning applied with equal force to voluntary dismissals under Rule 41(a)(2), but neither of the Rule 41(a)(2) cases it cited concerned a conditional voluntary dismissal order pursuant to Rule 41(a)(2). See City of South Pasadena, 284 F.3d at 1157-58 & n. 4 (citing Concha v. London, 62 F.3d 1493, 1506-07 (9th Cir.1995) and Humphreys v. United States, 272 F.2d 411, 412 (9th Cir.1959)). Thus, City of South Pasadena stands for the unremarkable proposition that an unconditional voluntary dismissal "leaves the situation as if the action never had been filed." City of South Pasadena, 284 F.3d at 1157. Construing that decision more broadly would violate the distinction between dicta and holding, and would thwart the purpose of Rule 41(a)(2), which aims to allow courts wide discretion to fashion curative terms and conditions to mitigate any unfairness to the defendant that otherwise would result from voluntary dismissal. In any event, since condition (2) is qualified by the phrase "to the fullest extent permitted by law," any arguable conflict with a broader reading City of South Pasadena is inconsequential.

6

from this court for good cause shown to reopen this case, or (b) file a motion seeking permission from this court for good cause shown to pursue such claims in a different court; and (2) all rulings, jury trial waivers, waivers of remedies, withdrawals of issues or claims, ability to use fruits of discovery, etc., remain in effect in this case and in any subsequent case brought by plaintiff against defendant for alleged infringement of the patents in suit pursuant to (1)(a) or (l)(b) to the fullest extent permitted by law, unless otherwise ordered by this court or another court. The purpose of these conditions is not to restrict plaintiff's ability to pursue its claims, but merely to regulate the place and manner in which it may do so in order to protect defendant from unfairness and to promote judicial economy.

The court assumes that the conditions set forth above will be acceptable to plaintiff. If they are not, then plaintiff may withdraw its motion for dismissal within the deadline established below.

## Conclusion

For the foregoing reasons, plaintiff's motion is **granted**, and this case shall be dismissed without prejudice, subject only to the conditions imposed above, as of November 1, 2004, unless plaintiff files a notice of withdrawal of its motion on or before that date.

**IT IS SO ORDERED.**

DATED: September 30, 2004

ANDREW J. WISTRICH
United States Magistrate Judge